IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER N. DIXON,

    Plaintiff,

v.                                                                                     No. 2:19-CV-00945-JCH-GJF

STONE TRUCK LINE, INC., a foreign
corporation, ISMAIL Y. TAWIL, and
RUSSELL STOVER CHOCOLATES,
LLC., a foreign corporation and
RYAN TRANSPORTATION SERVICE, INC.,

    Defendants,

and

RUSSELL STOVER CHOCOLATES, LLC,

    Cross-Claimant,

v.

RYAN TRANSPORTATION SERVICE, INC.,
STONE TRUCK LINE, INC., a foreign
Corporation, and ISMAIL Y. TAWIL,

    Cross-Defendants.

**DEFENDANT RUSSELL STOVER CHOCOLATES, LLC'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT, AND RUSSELL STOVER'S CROSS-CLAIMS AGAINST RYAN TRANSPORTATION SERVICE, INC., STONE TRUCK LINE, INC., AND ISMAIL Y. TAWIL**

For its Answer to Plaintiff's Fourth Amended Complaint for Negligence, Personal Injuries, Property and Punitive Damages (herein referred to as the "FAC"), Defendant Russell Stover Chocolates, LLC ("Russell Stover"), by its attorneys, the Eaton Law Office, P.C. (by James P. Barrett), states:

1.     In response to the allegations contained in Paragraph 1 of the FAC, Russell Stover admits that Plaintiff claims to assert a right to recover damages as a result of the circumstances alleged therein; Russell Stover further responds that it is free of any negligence or other wrongful act that would entitle Plaintiff to an award of any damages against Russell Stover.

2.     In response to the allegations contained in Paragraph 2 of the FAC, Russell Stover denies that Defendant Ismail Y. Tawil ("Tawil") was an employee of Russell Stover and therefore denies that Tawil was acting in the course and scope of employment with Russell Stover at any relevant time; Russell Stover further denies that Plaintiff has a right to assert that Russell Stover is an employer of Defendant Tawil under the Federal Motor Safety Act and the Corresponding Federal Motor Carrier Safety Regulations because the District Court, by its Order dated November 23, 2021 [DOC. 106], precludes such allegations and claims. Russell Stover is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the FAC, and the same are therefore denied pending strict proof thereof.

3.     Russell Stover is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the FAC, and the same are therefore denied pending strict proof thereof.

4.     In response to the allegations contained in Paragraph 4 of the FAC, Russell Stover admits that at all relevant times Defendant Tawil was an employee of Defendant Stone Truck Line, Inc. ("Stone"), and was acting within the course and scope of that employment; Russell Stover is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and the same are therefore denied pending strict proof thereof.  Russell Stover further denies that Plaintiff has a right to assert that Russell

Stover is an employer of Defendant Tawil under the Federal Motor Safety Act and the Corresponding Federal Motor Carrier Safety Regulations because the District Court, by its Order dated November 23, 2021 [DOC. 106], precludes such allegations and claims.

5.      Russell Stover is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 5, 6, 7, 9, 10, 11 of the FAC, and the same are therefore denied pending strict proof thereof.

6.      In response to the allegations contained in Paragraph 8 of the FAC, Russell Stover admits that Defendant Stone was at all relevant times the owner of the 2014 Blue Freightliner Cascadia (VIN: 3AKJGLD56ESFV5306), which was driven in Deming, New Mexico, by Defendant Tawil on October 28, 2018, loaded with cargo of Russell Stover, under the exclusive direction and control of Defendant Ryan Transportation and/or Defendant Stone Truck Line, Inc. The remaining allegations of this paragraph are denied. Russell Stover also denies that Plaintiff has a right to assert these remaining allegations, including allegations concerning a transportation supply chain, because the District Court, by its Order dated November 23, 2021 [DOC. 106], precludes such allegations and/or any claims based upon such allegations and they should be stricken.

7.      In response to the allegations contained in Paragraph 12 of the FAC, Russell Stover admits that it is a foreign limited liability company authorized to conduct business in New Mexico.  The remaining allegations contained in Paragraph 12 of the FAC are denied.

8.      Russell Stover admits the allegations in Paragraph 13 of the FAC.

9.      Russell Stover denies the allegations in Paragraph 14 of the FAC, and further denies that Plaintiff has a right to assert these allegations because the District Court, by its Order

dated November 23, 2021 [DOC. 106], precludes such allegations and/or any claims based upon such allegations and they should be stricken.

10. Russell Stover denies the allegations in Paragraph 15 of the FAC, and further denies that Plaintiff has a right to assert these allegations because the District Court, by its Order dated November 23, 2021 [DOC. 106], precludes such allegations and/or any claims based upon such allegations and they should be stricken.

11. The allegations contained in Paragraphs 16, 17 and 18 of the FAC are denied.

12. Russell Stover is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the FAC, and the same are therefore denied pending strict proof thereof.

13. In response to the allegations in Paragraph 20 of the FAC, Russell Stover admits that a bill of lading was issued incorrectly identifying Ryan Transportation Service, Inc., ("Ryan") as the Carrier, and Ryan arranged for Defendant Stone to deliver Russell Stover's goods; Russell Stover denies the remaining allegations of this paragraph because, due to their compound and vague nature, lack of clarity as to what entity "it" refers to in the last clause of the paragraph, and the violation of Fed. R. Civ. P. 8a(2)'s requirement that a complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief," Russell Stover is unable to determine the meaning of the allegations.

14. In response to the allegations in Paragraph 21 of the FAC, Russell Stover denies that it was a motor carrier in connection with this shipment and further denies that Plaintiff has a right to assert the allegations regarding Russell Stover's status as a "motor carrier" because the District Court, by its Order dated November 23, 2021 [DOC. 106], has precluded such allegations and/or any claims based upon such allegations and they should be stricken; Russell

Stover admits that Ryan contracted with Russell Stover for the interstate transportation of Russell Stover's goods; the remaining allegations of this paragraph are denied.

15. The allegations of Paragraph 22 of the FAC are denied.

16. In response to the allegations in Paragraph 23 of the FAC, Russell Stover admits that the Contract states, in Paragraph 16 thereof, what is quoted in Paragraph 23 of the FAC; Russell Stover denies the remaining allegations of this paragraph and further denies that Plaintiff has a right to assert the allegations regarding a transportation supply chain because the District Court, by its Order dated November 23, 2021 [DOC. 106], has precluded such allegations and/or any claims based upon such allegations and they should be stricken.

17. Russell Stover is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 24 and 25 of the FAC, and the same are therefore denied pending strict proof thereof.

18. Russell Stover is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 26 and 27 of the Complaint, and the same are therefore denied pending strict proof thereof.

19. Russell Stover admits the allegations contained in Paragraph 28 of the FAC that Defendant Tawil was operating a semi-truck, at the time of the accident, which was hauling a trailer loaded with goods owned by Russell Stover; Russell Stover denies the remaining allegations of this paragraph and further denies that Plaintiff has a right to assert the allegations regarding a transportation supply chain because the District Court, by its Order dated November 23, 2021 [DOC. 106], has precluded such allegations and/or any claims based upon such allegations and they should be stricken.

20. The allegations contained in Paragraphs 29, 30, 32, 33 and 34 of the FAC are denied.

21. In response to the allegations contained in Paragraph 31 of the FAC, Russell Stover admits that Defendant Tawil was cited and that the citation was dismissed.

22. The allegations contained in Paragraph 35 of the FAC are admitted.

23. Russell Stover is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 36, 37, 38, 39, and 40 of the FAC, and the same are therefore denied pending strict proof thereof.

24. The allegations contained in Paragraphs 41, 42, and 43 of the FAC are denied.

25. In response to the allegations contained in Paragraph 44 of the FAC, Russell Stover admits that at all times relevant to this Complaint, Defendant Stone Truck Line was a motor carrier as defined by, and subject to all requirements of the Federal Motor Carrier Safety Act and the Federal Motor Carrier Safety Regulations, and liable for the acts and omissions of its employee-driver, and that Defendant Stone Truck Line is the statutory employer of Defendant Tawil, and thus, assumes full responsibility for his acts and omissions. The remaining allegations contained in Paragraph 44 of the FAC are denied.

26. In response to the allegations contained in Paragraph 45 of the FAC, Russell Stover states that it denies the allegations of that paragraph; further because of their compound and vague nature, their lack of clarity and their violation of Fed. R. Civ. P. 8 (a) (2)'s requirement that a complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief," it impossible for Russell Stover to determine the meaning of these allegations.

27. Russell Stover denies the allegations in Paragraph 46 of the FAC and further denies that Plaintiff has a right to assert allegations about Russell Stover's responsibilities and duties under the FMCSA or the FMCSR, its status as a motor carrier, the transportation supply chain, or other related allegations, because the District Court, by its Order dated November 23, 2021 [DOC. 106], has precluded such allegations and/or any claims based upon such allegations and they should be stricken. Russell Stover further states that it denies the allegations of that paragraph because their compound and vague nature, their lack of clarity and their violation of Fed. R. Civ. P. 8a(2)'s requirement that a complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief," makes it impossible for Russell Stover to determine the meaning of these allegations.

28. In response to the allegations contained in Paragraph 47 of the FAC, Russell Stover admits that time was of the essence, that the load was to be picked up at 1300 hours on October 27, 2018, in Corsicana, Texas, that delivery was to be made in Watsonville, California on October 30, 2018, by 900 hours and that the location of the accident at issue in this case occurred approximately 780 miles from Corsicana, Texas. Russell Stover denies the remaining allegations of this paragraph.

COUNT I: NEGLIGENCE AND NEGLIGENCE PER SE OF<br>DEFENDANT ISMAIL Y. TAWIL

29. Russell Stover answers the allegations contained in Paragraph 48 of the FAC as more fully set out in the foregoing paragraphs of this Answer.

30. The allegations contained in Paragraph 49 of the FAC are admitted.

31. Russell Stover is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 of the FAC, and the same are therefore denied pending strict proof thereof.

32. In response to the allegations contained in Paragraph 51 of the FAC, Russell Stover admits that Defendant Tawil owed a duty to exercise ordinary care in operating the semi-truck under the circumstances present; the remaining allegations of this paragraph are denied.

33. Russell Stover is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 52 and 53, including all subparts thereof, and the same are therefore denied pending strict proof thereof.

34. The allegations contained in Paragraphs 54, 55, 56, 57, 58 and 59 are denied, including the "Wherefore" clause of Paragraph 59.

COUNT II: NEGLIGENCE OF DEFENDANT STONE TRUCK LINE, INC.

35. Russell Stover answers the allegations contained in Paragraph 60 of the FAC as more fully set out in the foregoing paragraphs of this Answer.

36. Russell Stover admits the allegations contained in Paragraphs 61, 62 and 63 of the FAC.

37. In response to the allegations contained in Paragraphs 64 and 65 of the FAC, Russell Stover admits that Defendant Stone owed a duty to exercise ordinary care in the conduct of its business; the remaining allegations of these paragraphs are denied.

38. Russell Stover admits the allegations of Paragraph 66 of the FAC.

39. In response to the allegations contained in Paragraphs 67, 68 and 70 of the FAC, Russell Stover states that it is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in those paragraphs, including all subparts of Paragraph 67 and the "Wherefore" clause of Paragraph 70, and the same are therefore denied pending strict proof thereof.

40. Russell Stover answers the allegations contained in Paragraph 69 of the FAC as more fully set out in the foregoing paragraphs of this Answer.

COURT III: NEGLIGENCE OF DEFENDANT RYAN TRANSPORTATION SERVICE, INC.

41. Russell Stover answers the allegations contained in Paragraph 71 of the FAC as more fully set out in the foregoing paragraphs of this Answer.

42. In response to the allegations contained in Paragraph 72 of the FAC, Russell Stover admits, based upon information and belief, that Defendant Ryan was a DOT licensee providing brokerage services; Russell Stover states that it is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in that paragraph and denies the same pending strict proof thereof.

43. Russell Stover denies the allegations contained in Paragraphs 73 and 74 of the FAC.

44. In response to the allegations contained in Paragraphs 75 and 76 of the FAC, Russell Stover admits that Ryan owed a duty of ordinary care in the conduct of its business; the remaining allegations of these paragraphs are denied.

45. Russell Stover denies the allegations contained in Paragraphs 77, 78, and 80 of the FAC, including the "Wherefore" clause of Paragraph 80.

46. Russell Stover answers the allegations contained in Paragraph 79 of the FAC as more fully set out in the foregoing paragraphs of this Answer.

COUNT IV: NEGLIGENCE OF DEFENDANT RUSSELL STOVER CHOCOLATES, LLC

47. Russell Stover answers the allegations contained in Paragraph 81 of the FAC as more fully set out in the foregoing paragraphs of this Answer.

48. Russell Stover denies the allegations contained in Paragraphs 82 and 83 of the FAC, and further denies that Plaintiff may assert the allegations in these paragraphs because the District Court, by its Order dated November 23, 2021 [DOC. 106], precludes such allegations and claims based in them and they should be stricken.

49. In response to the allegations contained in Paragraph 84 of the FAC, Russell Stover admits that it set the pick-up and delivery times for the subject shipment, specified that the trailer transporting its chocolate was to be refrigerated, and provided for a discounted method for the cost of fuel; the remaining allegations of this paragraph are denied. Russell Stover also specifically denies that Plaintiff may assert those allegations, including allegations concerning Russell Stover's status as a motor carrier and/or employer or liability under the Federal Motor Carrier Safety Act and the corresponding Federal Motor Carrier Safety Regulations, because the District Court, by its Order dated November 23, 2021 [DOC. 106], precludes such allegations and claims based in them and they should be stricken.

50. Russell Stover denies the allegations contained in Paragraph 85 of the FAC.

51. Russell Stover denies the allegations contained in Paragraph 86 of the FAC; Russell Stover also specifically denies that Plaintiff may assert the allegations and conclusions in this paragraph concerning a transportation supply chain because the District Court, by its Order dated November 23, 2021 [DOC. 106], precludes such allegations and claims based in them.

52. Russell Stover denies the allegations and inferences regarding its obligations that are contained in Paragraph 87 of the FAC.

53. In response to the allegations contained in Paragraph 88 of the FAC, Russell Stover admits that it owed a duty to exercise ordinary care in the conduct of its business; Russell Stover denies the remaining allegations of this paragraph.

54. Russell Stover denies the allegations contained in Paragraphs 89, 90 and 92, including all subparts of Paragraph 89 and the "Wherefore" clause in Paragraph 92, of the FAC. Russell Stover also specifically denies that Plaintiff may assert allegations and conclusions in these paragraphs flowing from its status as a motor carrier or its obligations to comply with the FMCSA or the FMCSR as a result of that status, or allegations based in an asserted "transportation supply chain," because the District Court, by its Order dated November 23, 2021 [DOC. 106], precludes such allegations and claims based in them. Russell Stover further states that Plaintiff's allegations referencing 49 C.F.R. § 390.13 should be stricken from the FAC because those allegations were not included in the proposed amended complaint attached as Exhibit A to Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint and Reconsider Its Order Dismissing Defendants Ryan Transportation Service, Inc. and Russell Stover Chocolates, LLC (Doc. 69).

55. Russell Stover answers the allegations contained in Paragraph 91 of the FAC as more fully set out in the foregoing paragraphs of this Answer.

## RECOVERABLE DAMAGES OF WALTER DIXON

56. Russell Stover denies the allegations of Paragraphs 93 and 94, including all subparts of Paragraph 93 and the "Wherefore" clause of Paragraph 94, of the FAC.

57. Any allegations not specifically admitted in this Answer are hereby denied.

58. Russell Stover objects to any and all allegations asserted by Plaintiff in the FAC for which this Court ruled were impermissible in its Order dated November 23, 2021 [DOC. 106].

59. Russell Stover hereby demands a jury trial.

## **AFFIRMATIVE DEFENSES**

1. No conduct of Russell Stover was negligent, intentional, willful, reckless, wanton, or in bad faith.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted as against Defendant Russell Stover.

3. Plaintiff has suffered no damage, injury or otherwise as the result of Russell Stover's actions.

4. If Plaintiff was injured or damaged as alleged, which is specifically denied, then his injuries and damages were the result of conduct, omissions or negligence of a third person or party for whose conduct, omissions or negligence Russell Stover may not be held accountable or responsible, and Plaintiff's recovery against Russell Stover, if any, must accordingly be reduced.

5. If the evidence supports the affirmative defense of failure to mitigate, Russell Stover will assert that Plaintiff failed to mitigate his damages.

6. If the evidence supports that Plaintiff suffered from pre-existing conditions that were aggravated by the subject incident, Russell Stover will assert that defense.

7. If Plaintiff was injured and damaged as alleged, which is specifically denied, then his injuries and damages resulted in whole or in part from Plaintiff's own negligence, and any recovery of damages by Plaintiff must be reduced according to his own percentage of fault for such injuries and damages.

8. Plaintiff's damages, if any, were not proximately caused by any act or omission of Russell Stover.

9. Plaintiff's claims are barred by the doctrines of laches, unclean hands, waiver and/or collateral estoppel.

10. As a separate and alternative defense, no award of punitive damages may be made in favor of Plaintiff because:

    a. An award of punitive damages would amount to a deprivation of property without due process of law in violation of the United States and/or New Mexico Constitutions;

    b. No legislation has been passed placing any limit on punitive damages recoverable in an action such as this;

    c. The criteria which would be used in determining whether punitive damages could be awarded are impermissibly vague, imprecise, and inconsistent, and violate the United States and/or New Mexico Constitutions;

    d. An award of punitive damages which allows consideration of the relative financial positions of the parties constitutes an impermissible punishment because of status in violation of the United States and/or New Mexico Constitutions;

    e. An award of punitive damages would amount to an excessive fine in violation of the United States Constitution, New Mexico Constitutions and/or New Mexico statutes;

    f. An award of punitive damages would violate the equal protection clause of the United States and/or New Mexico Constitutions;

    g. An award of punitive damages would constitute cruel and unusual punishment in violation of the United States and/or New Mexico Constitutions;

    h. No act or admission of Defendant was malicious, willful, wanton or reckless and, therefore, any award of punitive damages is barred;

    i. Since punitive damages are akin to penal liability, punitive damages must

be proved by clear and convincing evidence; and

    j. If Plaintiff is entitled to compensatory damages, which is specifically denied, Plaintiff is not entitled to recover punitive damages because compensatory damages will fully compensate Plaintiff and Plaintiff has no standing to recover sums against Defendant as punishment or as an example to others.

  11. Plaintiff has made allegations and raised claims in the FAC that are barred by the Court's Order dated November 23, 2021 [DOC. 106].

  12. Plaintiff's claim that Defendants negligently selected an unfit carrier is preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST., art. VI, cl. 2, because the claim is related to Defendants' prices, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act (FAAAA), 49 U.S.C. § 14501. The FAAAA provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c).

  13. Plaintiff's allegations referencing 49 C.F.R. § 390.13 should be stricken from the Fourth Amended Complaint because those allegations were not included in the proposed amended complaint attached as Exhibit A to Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint and Reconsider Its Order Dismissing Defendants Ryan Transportation Service, Inc. and Russell Stover Chocolates, LLC (Doc. 69).

  14. Defendant did not employ Defendants Tawil and Stone, either directly, indirectly, or jointly, they were independent contractors under New Mexico law and Plaintiff is, therefore, not entitled to any of the relief requested from this Defendant.

15. Russell Stover does not know which, if any, additional affirmative defenses may apply in this matter. Russell Stover reserves the right to raise additional affirmative defenses as they become known or apparent.

WHEREFORE, having answered, Defendant Russell Stover Chocolates, LLC, respectfully requests that Plaintiff's Complaint be dismissed, for Defendant's costs, and for such other and further relief as the Court deems just and proper.

## CROSS-CLAIMANT RUSSELL STOVER CHOCOLATES, LLC'S CROSS-CLAIM AGAINST CROSS-DEFENDANTS RYAN TRANSPORTATION SERVICE, INC., STONE TRUCK LINE, INC. AND ISMAIL Y. TAWIL

For its Cross-Claim against Defendants Ryan Transportation Services, Inc., Stone Truck Line, Inc. and Ismail Y. Tawil, Cross-Claimant Russell Stover Chocolates, LLC ("Cross-Claimant" or "Russell Stover"), states as follows:

1. Upon information and belief, Cross-Defendant Ryan Transportation Service, Inc. ("Ryan"), is a Kansas corporation and a corporate citizen of California, which was engaged in business in New Mexico.

2. Upon information and belief, Cross-Defendant Stone Truck Line, Inc. ("Stone"), is a California corporation and a corporate citizen of California, which was engaged in business in New Mexico.

3. Upon information and belief, Cross-Defendant Ismail Y. Tawil ("Tawil") is a resident and citizen of Phoenix, Arizona.

4. This Court has jurisdiction over the parties and the subject matter, and venue is proper.

5. Plaintiff's Fourth Amended Complaint alleges that Plaintiff suffered injuries and damages as the result of a motor vehicle/motorcycle accident.

6. Plaintiff alleges that Defendant Tawil was in the scope and course of his employment with Defendants Stone and Ryan while operating a commercial vehicle pulling a load with goods being shipped by Russell Stover Chocolates, LLC.

7. Plaintiff further alleges that Defendant Tawil was negligent in his operation of the commercial vehicle and caused an accident in which Plaintiff was injured.

8. Plaintiff further alleges, among other things, that Defendant Russell Stover owed a duty of ordinary care to assure the commercial semi-trucks used to transport its goods were properly maintained, serviced, equipped and operated to assure the safe operation of those semi-trucks on public roadways of New Mexico, and to assure the safety of the traveling public, including Plaintiff Dixon.

9. Plaintiff alleges "Defendant Russell Stover is vicariously liable for the negligence of its contracted CARRIERS and their drivers, arising within the course and scope of that employment or agency, which caused or contributed to the semi-truck vs. motorcycle collision, under the doctrine of respondeat superior and principal/agent."

10. Cross-Claimant denies the allegations of Plaintiff's Fourth Amended Complaint as outlined in its answer.

11. Plaintiff's claims against Russell Stover arise out of and are derivative of the alleged acts or omissions of Defendants Ryan, Stone and/or Tawil. Under principles of traditional or common law indemnity, Ryan, Stone and/or Tawil owe a defense to Russell Stover and indemnity in the event that Russell Stover is held liable as a result of the alleged acts or omissions of Ryan, Stone and/or Tawil.

12. Ryan owes a defense to Russell Stover and indemnity in the event that Russell Stover is held liable as a result of Ryan's alleged acts or omissions under the broker's contract effective February 1, 2018, Ryan specifically agreed as follows:

> 10. PROTECTION AND INDEMNIFICATION.
>
> (a) Carrier shall at all times, defend (at SHIPPER'S option), indemnify, and hold harmless SHIPPER, its agents and employees against and from liability, loss, damage, penalties, fines, costs and expenses (including reasonable attorneys' fees and other legal costs and expenses), for bodily injury, . . . asserted against SHIPPER by any person and arising out of CARRIER'S negligent or intentional acts, performance of, or omissions

under, or relating to this Contract. Carrier will not be liable for any damages to the extent proximately caused by SHIPPER'S negligence.

13. Russell Stover was without involvement or fault in the motor vehicle accident in question, and if it is held liable, indemnity principles require that Ryan, Stone and Tawil indemnify Russell Stover against any judgment against Russell Stover in this matter.

14. Russell Stover hereby demands a trial by a jury of 12 for all facts and claims for which is jury is allowed.

WHEREFORE, Cross-Claimant Russell Stover Chocolates, LLC, requests judgment entered in its favor against Cross-Defendants Ryan Transportation Service, Inc., Ismail Y. Tawil and Stone Truck Line, Inc., for defense fees and costs, indemnity, and attorneys' fees and costs in pursuing this matter, and for such other and further relief as the Court deems just and proper.

EATON LAW OFFICE, P.C.

By: */s/ James P. Barrett*              -
     JAMES P. BARRETT
     *Attorneys for Defendant/Cross-Claimant*
         *Russell Stover Chocolates, LLC*
     P.O. Box 25305
     Albuquerque, N.M. 87125-5305
     Tel.: 505-243-1486

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2022 I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

By:     */s/ James P. Barrett*              -
          James P. Barrett

18