IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RUSSELL STOVER CHOCOLATES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-00477-SRB |
| ) | |
| RYAN TRANSPORTATION SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Ryan Transportation Services, Inc.'s ("Ryan Transportation") Motion to Dismiss Russell Stover Chocolates, LLC's First Amended Complaint. (Doc. #22.) For the reasons set forth below, the motion is DENIED.

### I. FACTUAL BACKGROUND

Because this matter comes before the Court on a motion to dismiss, the following allegations in Plaintiff Russell Stover Chocolates, LLC's ("Russell Stover") First Amended Complaint (Doc. #19) are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additional allegations and facts relevant to the pending motion are discussed in Section III.

On February 1, 2018, Russell Stover and Ryan Transportation entered into a Contract for Truckload Transportation (the "Contract"). Under the Contract, Ryan Transportation agreed to provide Russell Stover transportation brokerage services. Ryan Transportation also agreed to defend and indemnify Russell Stover for losses caused by Ryan Transportation's negligent or intentional acts.

Specifically, the Contract provides that:

> [Ryan Transportation] shall at all times, defend (at [Russell Stover's] option), indemnify, and hold harmless [Russell Stover], its agents and employees against and from liability, loss, damage, penalties, fines, costs and expenses (including reasonable attorneys' fees and other legal costs and expenses), for bodily injury, . . . asserted against [Russell Stover] by any person and arising out of [Ryan Transportation's] negligent or intentional acts, performance of, or omissions under, or relating to this Contract. [Ryan Transportation] will not be liable for any damages to the extent proximately caused by [Russell Stover's] negligence.

(Doc. #19, p. 2.)[1]

Ryan Transportation contracted with Stone Truck Line ("Stone Truck") to transport Russell Stover's merchandise. On October 28, 2018, Stone Truck employee Ismail Tawil ("Tawil") hauled Russell Stover's merchandise through New Mexico using a Stone Truck tractor-trailer. Tawil's tractor-trailer struck a motorcyclist, Walter Dixon ("Dixon"). Dixon allegedly sustained injuries as a result of the collision.

Dixon filed a lawsuit against Stone Truck, Tawil, Russell Stover, and Ryan Transportation in the United States District Court for the District of New Mexico.[2] Dixon alleged that each defendant negligently caused his injuries. Dixon also alleged that "Russell Stover is vicariously liable for the acts and omissions of Defendants Ryan Transportation and Stone Truck and Tawil." (Doc. #22-1, pp. 11-12.) Russell Stover requested that Ryan Transportation provide a defense and indemnification pursuant to the Contract. Ryan Transportation denied that it had any obligation to do so. Dixon subsequently settled his claims against Russell Stover.

Russell Stover then filed this lawsuit against Ryan Transportation. The First Amended Complaint asserts a claim for breach of contract. Russell Stover alleges that Ryan

---

[1] The Contract provides that it "shall be governed by and construed in accordance with the laws of the State of Missouri." (Doc. #19-1, p. 12, ¶ 26.) All page numbers refer to the pagination automatically generated by CM/ECF.

[2] The procedural background of Dixon's lawsuit, and of this case, are simplified for purposes of this Order.

Transportation breached the Contract "by refusing to defend, indemnify and hold harmless Russell Stover in the Dixon litigation in that Ryan rejected Russell Stover's tender of defense and indemnity." (Doc. #19, ¶ 34.) Russell Stover also alleges that Ryan Transportation owed a duty of defense and indemnity "under principles of traditional or common law indemnity." (Doc. #19, ¶ 37.)

Ryan Transportation now moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Ryan Transportation primarily argues that the Contract imposes a duty to defend and indemnify for its own negligence, but that "Dixon did not seek to hold Russell Stover liable for Ryan's alleged negligence." (Doc. #22-1, p. 11.) Instead, "Dixon sought to hold Russell Stover directly liable for its own alleged negligent conduct." (Doc. #22-1, p. 11.) Russell Stover opposes the motion, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). When deciding a motion to dismiss, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts

is improbable." *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (citations and quotations omitted).

### III. DISCUSSION

"Indemnity . . . is the shifting of responsibility from the shoulders of one person to another." *SSM Health Care St. Louis v. Radiologic Imaging Consultants, LLP*, 128 S.W.3d 534, 539 (Mo. App. E.D. 2003). "Indemnification is allowed in favor of one who is held responsible solely by imputation of law because of his relation to the actual wrongdoer." *Id.* The vicarious liability doctrine illustrates this type of relationship. Under that doctrine, "a master is liable for the negligence acts of his servant, despite the absence of any direct negligence on the master's part." *Helm v. Wismar*, 820 S.W.2d 495, 497 (Mo. 1991). A claim for contractual indemnity may be brought when "parties agree that one party will protect the other party against liability or loss." *Beeler v. Martin*, 306 S.W.3d 108, 110-11 (Mo. App. W.D. 2010) (quotation marks omitted).

Ryan Transportation moves to dismiss Russell Stover's claim because the Contract "expressly excluded indemnity for claims based on Russell Stover's own negligence," and Dixon alleged that Russell Stover was itself negligent. (Doc. #22-1, p. 5.) Russell Stover agrees that the Contract does "not require Ryan to defend, indemnify or hold harmless Russell Stover for Russell Stover's own negligence." (Doc. #24, p. 1.) However, Russell Stover opposes dismissal because it seeks indemnity based on Dixon's vicarious liability allegations.

Upon review, the Court finds that Russell Stover has adequately stated a claim for contractual indemnity. The Contract requires Ryan Transportation to defend and indemnify Russell Stover for losses and damages "asserted against [Russell Stover] by any person arising out of [Ryan Transportation's] negligent or intentional acts[.]" (Doc. #22-1, p. 6.) In the New

4

Case 4:22-cv-00477-SRB   Document 26   Filed 10/20/22   Page 4 of 6

Mexico case, Dixon alleged that Ryan Transportation negligently selected Stone Truck Line to make the delivery. (Doc. #22-2, p. 196, ¶ 76.) Dixon further alleged that "Russell Stover is vicariously liable for the acts and omissions of Defendants Ryan Transportation[.]" (Doc. #22-2, pp. 185, 201, ¶¶ 46, 85.) At the motion to dismiss stage, Russell Stover has adequately alleged that Dixon's vicarious liability allegations triggered Ryan Transportation's contractual duty to defend and indemnify.[3]

Ryan Transportation argues that Dixon's vicarious liability allegations are "a legally meaningless non sequitur that does not in any way state a claim for imposing vicarious liability[.]" (Doc. #22-1, p. 12.) This argument is rejected because Dixon expressly alleged that Russell Stover was vicariously liable for Ryan Transportation's negligence. Even if Dixon's allegations were not a model of clarity, the Court agrees with Russell Stover that "an indemnitor is not relieved of its duty to defend merely because the plaintiff in the underlying lawsuit pleaded its claims inartfully." (Doc. #24, p. 5.)

Ryan Transportation also emphasizes that Dixon asserted a direct negligence claim against Russell Stover. However, Dixon dismissed his direct negligence claim against Russell Stover with prejudice. Dixon and Russell Stover then reached a settlement. Ryan Transportation's reply brief suggests this settlement was the result of "collusion" and was insufficient to trigger its obligations under the Contract. (Doc. #25, p. 10.) However, the underlying facts of Russell Stover and Dixon's settlement are beyond the scope of a motion to dismiss. For all these reasons, Russell Stover has adequately stated a breach of contract claim against Ryan Transportation.

---

[3] For similar reasons, the Court rejects Ryan Transportation's argument that the contractual indemnity claim is barred "by Missouri's motor transportation anti-indemnity statute." (Doc. #25, p. 5.)

5

Ryan Transportation also moves to dismiss Russell Stover's claim for non-contractual indemnity. "To establish a claim for non-contractual indemnity, which is also referred to as common law indemnity or equitable indemnity, the plaintiff must show: (1) the discharge of an obligation by the plaintiff; (2) the obligation discharged by the plaintiff is identical to an obligation owed by the defendant; and (3) the discharge of the obligation by the plaintiff is under such circumstances that the obligation should have been discharged by the defendant, and defendant will be unjustly enriched if the defendant does not reimburse the plaintiff to the extent that the defendant's liability has been discharged." *Beeler*, 306 S.W.3d at 111.

Upon review, the Court finds that Russell Stover has adequately pled all three elements. Russell Stover alleges that (1) it settled Dixon's claims, (2) Dixon's claims "against Russell Stover arose out of and were derivative of the alleged acts or omissions of Ryan," and (3) "Russell Stover was without involvement or fault in the motor vehicle accident in question." (Doc. #19, ¶¶ 17, 30, 36.) Russell Stover further alleges that "[u]nder principles of traditional or common law indemnity, Ryan owes a defense to Russell Stover and indemnity against the costs and expenses associated with the litigation and settlement of the Dixon litigation[.]" (Doc. #19, ¶ 37.) These allegations are sufficient to state a claim for non-contractual indemnity.[4]

### IV. CONCLUSION

Accordingly, Defendant Ryan Transportation Services, Inc.'s Motion to Dismiss Russell Stover Chocolates, LLC's First Amended Complaint (Doc. #22) is DENIED.

**IT IS SO ORDERED.**

Dated: October 20, 2022

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

---

[4] For the reasons discussed above, and for the reasons stated by Russell Stover, the Court also rejects Ryan Transportation's argument that the non-contractual indemnity claim is barred by Missouri statute.